### WAUGH v. BAILEY et al.

(*Supreme Court, General Term, First Department.* March 29, 1889.)

MORTGAGES—FORECLOSURE—RELIEF TO PURCHASER.

A defendant in mortgage foreclosure moved to open her default after the sale was advertised, but before argument or sale an order was made with her consent reciting that she consented that she should set up only a claim to be paid a certain sum from the proceeds of the sale, and directing that the sale should proceed without prejudice to such claim, and that that sum be reserved from the proceeds, and held pending the motion, etc. The sale was made, and afterwards it was ordered that the default be opened, and that such defendant be allowed to set up her claim to be paid such sum from the proceeds. *Held*, that the latter order could not affect the sale, and the purchaser had no claim to relief whether he had notice of the claim at the time of the sale or not.

Appeal from special term.

Mortgage foreclosure by Harry S. Waugh against Charles O. Bailey and others. A sale was had, from which the purchaser, Noah B. Shute, moved to be relieved. Motion denied, and the purchaser appeals.

Argued before VAN BRUNT, P. J., and BARTLETT, J.

*C. H. Lovett*, for appellant. *J. S. Mosher*, for plaintiff, respondent.

VAN BRUNT, P J. This action was brought to foreclose a mortgage made by the defendants Charles O. Bailey and Delia T. Bailey, his wife, to one Frank A. Bailey, and by him assigned to the plaintiff. The summons and a copy of the complaint were served on the defendant Delia T. Bailey, and also on the other defendants. She made default, and, when the cause was in readiness as to all parties, judgment of foreclosure and sale was entered on the 8th of November, 1888, and the premises were advertised for sale under said judgment for December 12, 1888. On the 20th of November, 1888, the defendant Delia T. Bailey, under an order to show cause, moved to open her default, and to be allowed to defend, alleging, among other things, that the mortgage was given in part to secure $1,000 agreed to be advanced to her at the time of signing, and that she had never been paid that sum. Before the motion came on for final argument an order was entered on the 7th of December, 1888, by the consent of her attorney, as follows: "The defendant Delia T.

Bailey having made a motion by Wm. G. McCrea, Esq., her attorney, to open her default herein, and to be allowed to answer, and consenting that if said motion be granted she shall set up as a defense only her claim to be paid one thousand dollars from the proceeds of the sale of the mortgaged premises, now, upon the consent of said attorney, and of plaintiff's attorneys, at the foot of this order, in order to prevent delay in the sale, it is ordered by the court that the sale of the mortgaged premises pursuant to the judgment entered herein may proceed without prejudice to the aforesaid claim of the aforesaid Delia T. Bailey, pending the determination of her motion aforesaid, and that Leicester Holme, Esq., the referee appointed to sell, reserve from the amount directed by the judgment to be paid to the plaintiff the sum of twelve hundred and fifty dollars, and hold the same, pending the hearing and determination of the aforesaid motion, until the further order of the court. Consented to. (A copy.) JAMES A. FLACK, Clerk. WM. G. McCREA, Attorney for D. T. Bailey. CARPENTER & MOSHER, Plaintiff's Attorneys. [L. s.]" The premises were duly sold on the 19th of December, 1888, to the appellant, and on the 27th of December the motion of Mrs Bailey to open the default was argued, and an order was made reciting, among other things, the above-mentioned order of December 7th, by which it was ordered that the default of the defendant Delia T. Bailey be opened, and that she be allowed to set up as a defense her claim to be paid $1,000 and interest from the proceeds of the sale of the mortgaged premises. The purchaser thereupon made a motion to be relieved from his purchase, which motion being denied this appeal from the order thereupon entered was taken.

We do not see how the title of the purchaser was in the slightest degree affected by the allowing of Mrs. Bailey to defend and claim a share in the proceeds of the sale of the mortgaged premises under her stipulation. It was by and with the consent of Mrs. Bailey that the premises were sold, and the default was opened expressly without prejudice to the sale, and her claim was restricted to the amount of the proceeds of the sale which the referee was directed to retain out of the money directed by the judgment to be paid to the plaintiff. Under these circumstances it was of no consequence to the purchaser as to what became of this claim of Mrs. Bailey. It could in no way affect his title. The decree directing a sale of the mortgaged premises was in no way modified, and this was done by the express consent of Mrs. Bailey. Even if it had been done without her consent, still the appellant would have obtained a perfect title. Mrs. Bailey was in default. She was asking for favor, and the court had a right to impose all reasonable conditions; and if, in its judgment, the sale ought to proceed notwithstanding her application to come in, the court had a right to make such direction, and to allow her to litigate her claim against the proceeds of the mortgaged premises without in any way affecting the title which the purchaser would acquire under the decree.

In the argument of the appeal great stress seems to be laid upon the question as to whether the purchaser had notice of Mrs. Bailey's claim at the time of the purchase. We do not see that that in any way affects the question one way or the other. Even if the purchaser had notice of Mrs. Bailey's claim, and purchased, unless the purchaser was subject to the claim, he was entitled to a good title, and if that claim interfered with his title he would be entitled to be relieved. But, as we have seen, it can in no way affect his title, he being protected by the order of the court, and the stipulation of Mrs. Bailey embodied within the order. It seems to be reasonably clear that the order was right, and should be affirmed, with $10 costs and disbursements. All concur.